**J. W. DURRETT, Sr.,**
**Debtor-In-Possession**

v.

**The WASHINGTON NATIONAL INSURANCE COMPANY, Southern Trust and Mortgage Company, J. H. Fields, Jr., and Shelton Mitchell, Sr.**

No. Civ. A 3–77–0059–C.

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 3, 1978.

---

Philip I. Palmer, Jr., Palmer, Palmer & Coffee, Dallas, Tex., for plaintiff.

Ronald G. Houdyshell and Gary R. Rice, Payne & Spradley, Dallas, Tex., for Ins. Co., Mortgage Co., & Fields.

Manuel DeBusk, Dallas, Tex., for Mitchell.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, Jr., District Judge.

This Court makes the following findings of fact and conclusions of law with regard to this case:

## FINDINGS OF FACT

1. On April 7, 1969, Plaintiff Jack W. Durrett, Sr., executed a note in the amount of $180,000.00 in favor of Southern Trust and Mortgage Company.

2. That note was secured by a Deed of Trust upon the land in issue, being 425.225 square feet in Tract One and .108 acres in Tract Two, both in the C. H. Bussey Estates, Hutchins, Texas, being also known as 913 N. Main, Hutchins, Texas.

3. On April 7, 1969, Southern Trust and Mortgage Company assigned the Deed of Trust and Note to Washington National Insurance Company.

4. Southern Trust and Mortgage Company has acted as the servicing agent for Washington National Insurance Company upon that Note and Deed of Trust, but has otherwise had no interest of any kind in the Note, Deed of Trust or real estate.

5. On December 13, 1976, Defendant J. H. Fields, Jr., acting as Trustee under the Deed of Trust described in Finding No. 2 posted the property for foreclosure sale.

6. On January 4, 1977, Defendant Fields conducted the foreclosure sale and accepted a cash bid of $115,400.00 made by Defendant Mitchell.

7. Pursuant to such bid, Defendant Fields, as Trustee, executed and delivered to Defendant Mitchell, a Trustee's deed to the real property described in Finding No. 2.

8. Immediately prior to that foreclosure sale record title to the real estate in issue was still in the name of Jack W. Durrett, Sr.

9. Immediately prior to that foreclosure sale, Plaintiff Jack W. Durrett, Sr., was indebted to Defendant Washington National Insurance Company on the debt described in Finding No. 1 in the amount of $119,-278.38, being $115,539.40 (unpaid principal) and $3,738.98 (accrued interest).

10. The bid of Defendant Mitchell and a $4,075.66 credit balance in the Jack W. Durrett, Sr., escrow account were applied in satisfaction of such indebtedness as follows:

| Credits: | Bid Price | $115,400.00 |
| | Credit Balance, escrow | 4,075.66 |
| | Total | $119,475.66 |
| Debits: | Principal | $115,539.40 |
| | Interest | 3,738.98 |
| | Trustee's fee | 197.28 |
| | Total | $119,475.66 |

11. Thereafter, Washington National Insurance Company had no further interest in the real estate.

12. On January 13, 1977, Plaintiff Jack W. Durrett, Sr., filed a petition for Arrangement Under Chapter XI of the Bankruptcy Act.

13. On January 4, 1977, the fair market value of the real estate was $200,000.00.

14. The foreclosure sale occurred nine days before the filing of the Chapter XI petition.

15. The real estate involved is not claimed by the Debtor as exempt property.

16. On January 4, 1977, the Plaintiff Debtor had assets of $166,514.00 against liabilities of $347,705.80.

17. The Weatherhead Company has been since June 1, 1973, and is now an unpaid creditor of Plaintiff Jack W. Durrett, Sr., in the amount of $9,709.27.

18. Warner Electric Brake & Clutch Co. has been since at least the date of its judgment August 5, 1974, and is now a creditor of Plaintiff Jack W. Durrett, Sr., in the amount of $34,822.22.

## CONCLUSIONS OF LAW

1. Where the Debtor files a voluntary petition under Chapter XI of the Bankruptcy Act and continues in possession of his property without the appointment of a trustee, he is entitled to exercise the powers of a trustee to initiate a plenary proceeding under Section 67d of the Bankruptcy Act (11 U.S.C., Sec. 107(d)).

2. A non-judicial foreclosure under a deed of trust is a transfer within the meaning of Section 67d of the Bankruptcy Act.

3. When such a transfer is "made by a Debtor" within the meaning of Section 67d, then the fairness of the consideration paid is listed by the provisions of Section 67d(1)(e)(1).

4. Compared to the property valuation of $200,000.00, the Defendant Mitchell's payment of $115,000.00 for the transfer is "fair" consideration and a "fair equivalent" within the meaning of Section 67d(1)(e)(1); nor is such transfer fraudulent.

5. Neither Defendant had any actual fraudulent intent.